JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr., <br><br> Plaintiff, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. ED CV 23-2574 DOC (MRW) <br><br> **ORDER DISMISSING ACTION** |

The Court dismisses this action without prejudice due to the failure of a pro se litigant to amend his complaint or respond to court orders.

\* \* \*

1. This is a civil action involving a self-represented prisoner. Plaintiff Poslof is an inmate at the state prison facility in Corcoran, California.[1] He filed this civil action alleging various housing and medical

---

[1] The Corcoran prison is in Kings County, California, which is within the judicial district of the federal court in the Eastern District of California. As

1 2 3     claims against the prison and its senior staff. He also attempted to assert claims against individuals involved in his original criminal trial several decades ago. (Docket # 1.)

4 5 6 7 8 9     2.     Magistrate Judge Wilner screened the pleading pursuant to 28 U.S.C. § 1915A. The magistrate judge dismissed the original complaint with leave to amend for a variety of reasons. (Docket # 7.) Judge Wilner noted that the complaint named immune parties, improperly sought habeas-type relief in a civil rights action, and was broadly unintelligible. (Id.)

10 11 12 13 14 15 16 17 18 19 20 21     3.     Plaintiff subsequently filed his First Amended Complaint. (Docket # 9.) In March 2024, Judge Wilner again screened the pleading and dismissed it with leave to amend. (Docket # 11.) The magistrate judge concluded that the amended complaint contained a "generalized statement about what Plaintiff describes as deliberately indifferent prison conditions" regarding his health care. (Id. at 1.) However, the complaint identified no individual tortfeasors, gave no details about allegedly unconstitutional treatment, and demanded release from custody or a prison transfer as a remedy. Moreover, the amended complaint again named immune parties (the state prison, its medical board, and a warden in his official capacity) as defendants. (Id. at 1-2.) Judge Wilner again explained the legal defects with the complaint by reference to federal rules and caselaw.

---

with a previous civil action that the Court dismissed for failure to prosecute (ED CV 22-1105 DOC (MRW) (C.D. Cal.), Plaintiff apparently filed this action in the Central District of California because his various habeas corpus petitions have been adjudicated in this Court. See Case Nos. ED CV 06-1418 AG (MRW), ED CV 15-2526 AG (MRW), and ED CV 19-1422 DOC (MRW) (C.D. Cal.).

    In light of Plaintiff's failure to properly litigate this matter, it is again appropriate to dismiss this civil action without prejudice than to transfer it to the Eastern District for further proceedings.

4. The magistrate judge gave Plaintiff a deadline by which to file an amended complaint. To date, Plaintiff failed to do so.

5. The Court takes notice of Plaintiff's most recent civil action in this judicial district. (Poslof v. CDCR, ED CV 22-1105 (DOC (MRW) (C.D. Cal.).) In that lawsuit, Plaintiff similarly failed to file an amended complaint following the magistrate judge's dismissal order. The Court dismissed that action for failure to prosecute and failure to follow court orders. (Docket # 10.)

\* \* \*

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

8. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition

1  of cases on their merits and the availability of less drastic alternatives in
2  its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

3      9.    In the present action, the Court concludes that dismissal of the
4  action is appropriate. Plaintiff filed two iterations of a civil complaint that
5  failed to comply with court rules. Plaintiff named immune parties, sought
6  unavailable relief, and failed to articulate intelligible or litigable claims.
7  Additionally, Plaintiff failed to amend his complaint after receiving an
8  explanation of its problems from the magistrate judge. Plaintiff's inability
9  to file a valid complaint or follow the magistrate judge's orders
10 demonstrates that he has no interest in advancing the action here.

11     10.    By contrast, the Court, the defense, and the public have a
12 strong interest in terminating this action. This is particularly true given
13 that Plaintiff failed to respond to court orders, and has previously
14 abandoned a similar lawsuit in this district. No sanction short of dismissal
15 will be effective in moving this case forward. Carey, 856 F.2d at 1440. The
16 Court concludes that dismissal is appropriate under Rule 41(b). Applied
17 Underwriters, 913 F.3d at 892.

18     \* \* \*

19 ///
20 ///
21 ///

4

11. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim unless "the dismissal order states otherwise." Given that Plaintiff likely filed the action in the wrong district and alleges significant personal difficulties, though, the Court orders that the present action be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: May 21, 2024

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE
5